IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IARIANNIA DATERRIA MENCY, <br> AIS #219205, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. 2:18-CV-10-WHA |
| ANGIE BAGGETT, et.al, | ) <br> ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Iariannia Daterria Mency, a state inmate, filed this 42 U.S.C. § 1983 action challenging his classification as a restricted offender. Mency did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. In support of this request, Mency provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Mency and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Mency owed an initial partial filing fee of $32.00. Doc. 3 at 1–2. The court therefore ordered Mency to pay the initial partial filing fee on or before January 29, 2018. Doc. 3 at 2. In addition, this order specifically informed Mency "that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee." Doc. 3 at 2. The order

also "advised [Mency] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3 at 3.  Moreover, the court specifically cautioned Mency that failure to pay the requisite fee within the time allowed by the court would result in a recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 3 at 3.

Mency has failed to pay the initial partial filing fee within the time allowed by the court.  The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

On or before **March 1, 2018**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of February, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE